LIBERTY MUTUAL INSURANCE CO.,
Appellant,

v.

Lewis C. RAWLS et al., Appellees.

No. 26154.

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1968.

Rehearing Denied May 19, 1969.

Charles W. Pittman, Charlie Luckie, Jr., John S. Matthews, Tampa, Fla., Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for appellant.

William C. Grimes, Clyde C. Goebel, Grimes, Grimes, Goebel, Parry & Blue, Bradenton, Fla., for appellees.

Before THORNBERRY and DYER, Circuit Judges, and KEADY, District Judge.

PER CURIAM:

Appellant, the automobile liability insurance carrier of Clinton Bess, was garnished by writ issuing at instance of appellees to pay, subject to policy limits, a judgment obtained by appellees in state court against Bess. The single question presented is whether the insured had one accident or two accidents, as he was proceeding north upon a public highway at a very high rate of speed, being pursued by two deputy sheriffs. Bess collided with the left rear of a northbound automobile in which appellees were riding and knocked it off the highway to the right. His automobile continued northerly, veering across the centerline, and collided head-on with a southbound automobile occupied by the Davis family.

Appellant, having paid $20,000 to settle the Davis claims, now contends that there is nothing left to apply to the judgment obtained by appellees under its insurance policy restricting coverage to $20,000 as "the total limit of the company's liability * * * as the result of any one accident". Appellant concedes that if there were two accidents, the judgment of the district court should be affirmed. It is also conceded, in view of the stipulated facts, that the question was properly one for summary judgment. According to the agreed facts, the impact between the Bess automobile and the Rawls automobile was separated from the impact between the Bess automobile and the Davis automobile by both time and distance. These impacts occurred 2 to 5 seconds apart and 30 to 300 feet apart. There were two distinct collisions, or more than a single sudden collision. There is no evidence that the Bess automobile went out of control after striking the rear end of appellees' automobile. On the contrary, the only reasonable inference is that Bess had control of his vehicle after the initial collision.

The district court correctly held upon these facts that there were, in law, two accidents. Such a conclusion is to be here reached under either the "causation theory" applied by this Court in Saint Paul Mercury Indemnity Co. v. Rutland, 225 F.2d 689 (5 Cir. 1955), determining an event from the standpoint of conduct forming the causative act, or the "effect theory", alluded to in Anchor Casualty Co. v. McCaleb, 178 F.2d 322 (5 Cir. 1949), when an event is judged from the point of view of a person sustaining injury.

The judgment of the district court must be and is affirmed.