**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA,**
Plaintiff,

v.

**Virginia HEARY, Ricky W. Jenkins, Continental Telephone Company of Virginia, Poquoson Motors, Inc., and Universal Underwriters Insurance Company,** Defendants.

Civ. A. No. 76–72–NN.

United States District Court,
E. D. Virginia,
Newport News Division.

June 7, 1977.

John Y. Pearson, Jr., Willcox, Savage, Lawrence, Dickson & Spindle, P.C., Norfolk, Va., for plaintiff.

---

5. See Note, *The Prima Facie Tort Doctrine In New York—Another Writ?*, 42 St. John's L.Rev. 530, 534–35 (1968).

C. F. Hicks, J. Edgar Pointer, Jr., Gloucester, Va., Thomas M. Haskins, Kellam, Pickrell & Lawler, George Pilcher, Jr., Norfolk, Va., for defendants.

## AMENDED MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

The Court has before it the question of the extent of liability insurance coverage available to three parties making claim for property damage against Virginia Heary. The claims resulted from Heary's operation of her motor vehicle which was insured by the plaintiff, American Casualty Company of Reading, Pennsylvania (American Casualty).

All parties have entered into a stipulation of facts which show that Virginia Heary, while operating her motor vehicle at night, lost control causing the vehicle to fail to make a turn, to crash into a sign and barrier, and to become entangled with a guy wire attached to a telephone pole. Approximately one minute after the guy wire was struck, it broke and the pole to which it was attached broke immediately thereafter, resulting in three telephone cables falling across both northbound and southbound lanes of Route 17. Within fifteen seconds thereafter a vehicle traveling in the northbound lane became ensnared in the wires and was damaged. Almost simultaneously a vehicle driven in the southbound lane struck part of the broken telephone pole and was damaged. Claims have been made by the telephone company (Continental) and for the property damage to both cars. These claims exceed $5,000. This action had its inception when American Casualty interpleaded its insured, Virginia Heary, and the property damage claimants and their assignees. In its interpleader action, American Casualty asserted that it had limits of $5,000, property damage coverage under its policy on Virginia Heary's automobile and that it desired to pay that policy limit into the registry of the Court for such distribution among the property damage claimants as the Court might order. The issue addressed in this Order arises by virtue of the property damage claimants' contention that American Casualty has available $5,000 coverage as to each claim being asserted against Virginia Heary.

The policy issued by American Casualty to Virginia Heary provided, in part:

### "PART I—LIABILITY

"*Coverage A—Bodily Injury Liability; Coverage B—Property Damage Liability.* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

\* \* \* \* \* \*

"B. injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage';"

The insuring obligation set forth above is limited by the declarations page of the policy by the following language:

"The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto."

Following that statement it is indicated that for property damage liability, the policy extends $5,000 coverage for "each occurrence."

The policy further provides:

"The limit of property damage liability stated in the declarations as applicable to 'each occurrence' is the total limit of the company's liability for all damages arising out of injury or destruction of all property of one or more persons or organizations, including the loss of use thereof, as the result of any one occurrence."

The claimants against Virginia Heary contend that the use of the word "occurrence" in her policy with American Casualty should be interpreted to mean each separate claim made. American Casualty, on the other hand, contends that all of the claims flowing from Virginia Heary's failing to keep her car under control, running off the road and striking the telephone pole

should be treated as arising out of one occurrence. This question is fully treated at 55 A.L.R.2d 1300.

Basically, there are two approaches to the problem, that is, the *cause* approach and the *effect* approach. Under the cause approach, the insured's single act of negligence is considered the occurrence from which all claims flow. Under the effect approach, each claim arising from an act of negligence of the insured is considered the occurrence. The competing considerations are ably discussed in the leading modern case on the subject, *Saint Paul-Mercury Indemnity Co. v. Rutland*, 225 F.2d 689 (5th Cir. 1955). Clearly, the cause approach is the majority view and the more modern view. It is this Court's opinion that it is the only rational view, especially in a case such as the instant one in which there was but a single act of negligence and a single impact by the insured's vehicle. See *Truck Insurance Exchange v. Rohde*, 49 Wash.2d 465, 303 P.2d 659 (1956).

An automobile policy is one of indemnity to its insured to hold its insured harmless from claims made against the insured for the insured's negligent acts. Therefore, it is the negligent act of the insured which invokes the coverage and the coverage must be tied to that act rather than to the results which flow therefrom. Furthermore, if the Court were to adopt the *effect* theory, it would be granting unlimited coverage to any insured involved in an accident. It is well known that premium rates are based on limits of coverage and it would be impossible for the insurance industry to set a premium on an unlimited potential obligation.

The Court is of the opinion that it is noteworthy that no Virginia cases on this subject have been found by either the Court or counsel. The Court attributes this lack of judicial decision on the question in this state to the time-honored acceptance of the Bench and Bar of the *cause* approach.

For the reasons heretofore stated, the Court is of the opinion that $5,000 is available from the American Casualty policy to be prorated among the various claimants. It is suggested that the claimants attempt to reach an agreement as to the value of their respective claims and an appropriate proration of those claims. If the Court is not advised within ten (10) days of an agreement between the parties, the docket clerk will set the case at an early date for hearing on the issue of damages.

There is an indication in the file that there is a disagreement between Virginia Heary and American Casualty as to whether American Casualty has met fully its policy obligations to defend Heary in all claims made against her arising out of the accident. American Casualty does not dispute its obligation to defend Virginia Heary against all claims arising out of the accident of October 20, 1975. It contends, however, that it offered a defense of all claims but that Virginia Heary's personal attorney rejected the offer and insisted upon entering a defense in her behalf on various of the claims. If the Court is not advised that this dispute has been settled within ten (10) days, the docket clerk will set that issue for evidentiary hearing at an early date.

It is so ORDERED.