**KANSAS FIRE AND CASUALTY COMPANY, Appellant,**

v.

**Dennis A. KOELLING, Ronald E. Kautz, Charles Bulen, the Benefit Trust Life Insurance Company, and the Missouri Pacific Employees Hospital Association, Respondents.**

No. 51964.

Missouri Court of Appeals, Eastern District, Division One.

May 19, 1987.

Duane Edward Schreimann, Jefferson City, Michael E. Waldeck, Thomas B. Alleman, Niewald, Waldeck, Norris & Brown, Kansas City, for appellant.

Walter D. McQuie, Montgomery City, for Koelling.

P. Dennis Barks, Hermann, for Kautz.

George Dale Reesman, Boonville, for Bulen.

Donald K. Althauser, Hermann, for Benefit Trust.

William Arnold Hellmich, Chesterfield, for Missouri Pacific.

CRIST, Judge.

Kansas Fire and Casualty (insurer) appeals from an adverse ruling in an action it brought for declaratory judgment. Insurer brought declaratory judgment and interpleader actions to determine and pay the amount it owed to the victims of an accident that was caused by its insured. The trial court found there were two accidents, not one as insurer claimed, and insurer was required to pay twice its maximum amount of liability for an individual accident. We reverse and remand.

This case was submitted on the pleadings and the depositions of the victims. The facts are as follows. On April 2, 1984, Michael Wilson (insured) was driving his car in an easterly direction on Missouri Route 100 in Gasconade County, Missouri. At the time, insured had car insurance with insurer, was a resident of Kansas, and was working for a railroad company that was repairing railroad tracks in eastern Missouri. Insured tried to pass a car by going into the westbound lane of the two lane road. Before insured could return to the eastbound lane, he collided with a truck going in a westerly direction and almost simultaneously hit the car he was trying to pass. As a result of the accident, the insured died and serious injuries were sustained by the driver of the truck, the driver of the car and a passenger in the car.

Insurer brought this action seeking a declaration that one accident occurred and that its obligation would be satisfied by paying its maximum liability for one accident, $100,000. This position was challenged by victims who claimed there were two separate accidents. The insurance policy provides:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in one accident. This is the most we will pay regardless of the number of:
1. Covered persons;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

The issue of whether to apply Missouri or Kansas law to the interpretation of the insurance contract, specifically the term accident, has been raised in the briefs. Missouri choice of law rules for contracts require a balancing of several factors that are found in the Restatement (Second) of Conflict of Laws (1971). *See Crown Center Redevelopment Corp. v. Occidental Fire and Casualty Co. of North Carolina,* 716 S.W.2d 348, 358 (Mo.App.1986). The record on appeal does not show this issue was raised at the trial court level. There is insufficient information in the record for this court to decide this issue. As to the substantive issues, the parties have not cited and we have not found any controlling precedent in either Missouri or Kansas. The parties admit the principles of insurance contract interpretation in Missouri and Kansas are similar. We will therefore apply our own law.

In interpreting a limitation on an insurer's liability in an insurance contract, any ambiguity is to be resolved in favor of the insured. *Shelter Mutual Insurance Co. v. Brooks,* 693 S.W.2d 810 (Mo.banc 1985). Where there is no ambiguity or violation of state or public policy, however, the contract will be enforced as written. *Hempen v. State Farm Mutual Automobile Insurance Co.,* 687 S.W.2d 894 (Mo.banc 1985).

Insurer claims the policy is unambiguous. The implication that there has to be more than one accident if two vehicles are hit by the insured's vehicle is refuted in the policy where it limits the amount of recovery in one accident regardless of the number of claims or vehicles involved. Insurer asks that the term accident be interpreted under the *cause* approach where an insured's single act is considered the accident from which all claims flow. The alternative is the *effect* approach where each claim arising out of an insured's act is considered a separate accident. Insurer has cited numerous cases from around the country that have adopted the *cause* approach. *E.g. American Casualty Co. of Reading, Pa. v. Heary,* 432 F.Supp. 995 (E.D.Va.1977); *Olsen v. Moore,* 56 Wis.2d 340, 202 N.W.2d 236 (1972); *Truck Insurance Exchange v. Rohde,* 49 Wash.2d 465, 303 P.2d 659 (1957).

Victims rely on *Liberty Mutual Insurance Co. v. Rawls,* 404 F.2d 880 (5th Cir. 1968). They claim the facts are similar and a court found two accidents. They argue if another court can find two accidents, the contract can reasonably be interpreted in two ways and the ambiguity must be resolved against the insurer.

*Rawls* is factually different. In that case there was evidence of a time lapse between collisions during which the insured could regain control of his car. In this case

the only evidence available, that of the victims, showed the collisions took place almost simultaneously and the insured never had a chance to regain control of his car. The *Rawls* court made a specific finding that its conclusion would hold up under either the *cause* or *effect* approach.

We are persuaded by the reasoning of the court in *Heary* that the *cause* approach more closely reflects the intentions of the parties who entered into the insurance contract. Applying the *cause* approach to the facts in this case, it is clear that only one accident occurred.

Judgment reversed and remanded.

SATZ, P.J., and KELLY, J., concur.