**BANNER, et al., Plaintiffs,**

v.

**RAISIN VALLEY, INC.,
et al., Defendants.**

No. 3:96CV7197.

United States District Court,
N.D. Ohio,
Western Division.

Dec. 3, 1998.

Holly Bowen Safronoff, Eric A. Parzianel-lo, Evans & Luptak, Detroit, MI, James L. Schuller, Schuller & Bennett, Toledo, OH, for Althea B. Banner.

Raymond H. Pittman, III, Ritter, Robin-son, McCready & James, Toledo, OH, for Westfield Ins. Co.

Martin J. Holmes, Richard L. Emery, Shindler, Neff, Holmes & Schlageter, Toledo, OH, Frank Leonetti, III, Kenneth Pascal Abbarno, Reminger & Reminger, Cleveland, OH, for Raisin Valley, Inc., Earl Peter Phil-lips, Gell Management Corp., Crossroads of Lenawee, Inc., Gary E. Phillips, Lori L. Phil-lips, Warren Phillips and Cora Mae Phillips,

Mark L. Dolin, Timothy W. Mizerowski, Landau, Omahana & Kopka, Southfeld, MI, for Auto Owners Ins. Co.

Robert L. DeJong, Vincent E. Woltjer, Miller, Canfield, Paddock & Stone, Grand Rapids, MI, for Pioneer State Mut. Co.

Kenneth C. Newa, William J. Lynch, Stan-ley A. Prokop, Plunkett & Cooney, Detroit, MI, Paul E. Perry, Plunkett & Cooney, Bloomfield Hills, MI, for Reliance Ins. Co.

Cormac B. Delaney, Manahan, Pietrykow-ski, Bamman & Delaney, Toledo, OH, for Grange Mut. Cas. Co.

John R. Wienold, Wienold & Amoni, Auro-ra, IL, for Ramon Jimison.

### Order

CARR, District Judge.

This is a case resulting from an accident involving a tractor-trailer and four passenger vehicles. This court has jurisdiction pursu-ant to 28 U.S.C. § 1332. Pending is the summary judgment motion by defendant Re-liance Insurance Co. which insured the trac-tor-trailer and its driver Earl Phillips. (Doc. 177). For the following reasons, defendant's motion shall be granted.

It is undisputed that defendant insured the tractor-trailer for up to $1,000,000 for each accident. The issue raised by defendant's motion is whether the accident on December 29, 1995 was a single accident or a series of related but separate accidents. For the fol-lowing reasons, I find that there was one accident.

On December 29, 1995, Earl Phillips was driving a tractor-trailer westbound on Ohio State Route 2 in Carroll Township, Ottawa County, Ohio, when he collided with four

vehicles. Phillips first hit a Ford Mustang traveling eastbound. He then hit an eastbound Dodge Dakota pickup traveling 55 mph a few car lengths behind the Mustang. Phillips then struck a Chevy Tahoe a car length or two behind the Dodge Dakota. Both the Chevy Tahoe and then the tractor-trailer struck a fourth car. The occupants of the fourth vehicle involved in the accident are not a party to this case. The tractor-trailer came to rest partially in the eastbound lane and partially in the westbound lane.

It is not known exactly why Phillips came to be in the eastbound lane. Phillips stated, "The first thing I recollect is a lot of debris flying by my truck on both sides. Like a tunnel that I could see out of I had no vision of cars or anything coming at me. After I came to a stop I just sat there for a short while. I knew I had been in a bad accident." (Doc. 186, Ex. 4 at 17). The statement of other witnesses to the accident indicate that Phillips came into the opposing lane of traffic and did not begin to leave it until he came to a stop. There is absolutely no evidence that Phillips ever regained control of the vehicle after colliding with the first car.

This accident took place in Ohio and some of the victims are Ohio residents. Earl Phillips is a Michigan resident and his car is titled to a Michigan corporation. Both Ohio and Michigan have significant relationships to this accident. The insurance policy does not have a choice of law clause, thus there is a possibility that either Michigan or Ohio law could apply to the state law issues in this case.

I do not find, however, that application of Michigan law would produce a result different from application of Ohio law. Thus, I need not resolve the conflict of laws issue.

Under both Michigan and Ohio law, the term "accident" as found in defendant's insurance policy is unambiguous.[1]

Defendant's policy provides: "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered 'auto.'" (Doc. 186 Ex. 2, § II, A). The policy defines "accident" as "includ[ing] continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage.'" (Doc, 186, Ex. 2, § V, A). The limit of the insurance is $1,000,000 per accident and "[r]egardless of the number of covered 'autos,' 'insureds,' premiums paid, claims made or vehicles involved in the accident, the most [defendant] will pay for the total of all damages ... resulting from any one 'accident' is [$1,000,000]." (Doc. 186, Ex. 2, § II C).

The policy definition of accident refers to "continuous" or "repeated" exposure to the same conditions. Such definition contemplates multiple injuries resulting from a single cause. The limitation of liability section clearly states that the limit applies regardless of the number of vehicles involved in the accident. Thus, "accident," as defined in the policy, encompasses accidents that involve multiple injuries and multiple vehicles.[2]

Plaintiff concedes that a single accident may involve more than two automobiles. However, plaintiff seems to contemplate that in such an accident, all the automobiles will hit each other simultaneously. In an accident involving more than two cars, it is virtually impossible for all the cars to impact at the same time. There would be at least

---

1. Ohio law requires that I "look first to the language of the contract in trying to resolve the parties' dispute," *Babcock & Wilcox Co. v. Arkwright–Boston Manufacturing Mutual Insurance Co.*, 53 F.3d 762, 767 (6th Cir.1995), giving the words and phrases their "natural and commonly accepted meaning." *Gomolka v. State Auto., Mut. Ins. Co.*, 70 Ohio St.2d 166, 167–68, 436 N.E.2d 1347 (1982). I may go behind the face of the policy only if the language is unclear or ambiguous. *Babcock* at 767.

Michigan law likewise requires that I give the language in a contract its plain meaning and

enforce the terms of the contract as written. *Heniser v. Frankenmuth Mutual Ins. Co.*, 449 Mich. 155, 534 N.W.2d 502, 505 (1995).

2. Even if the term accident was ambiguous, the definitions suggested by plaintiff under Michigan law ("an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not expected, and not naturally to be expected") (Doc. 186 at 11) and under Ohio law ("accident means an unexpected or unintended happening") (Doc. 186 at 16) do not help plaintiff's argument.

some split second difference in impact times. Plaintiff argues that anything other than a simultaneous collision will result in multiple accidents, I cannot agree.

In determining the number of accidents or occurrences under liability policies, courts have generally applied one of three general approaches:

> (1) the policy limits clause refers to the cause or causes of the accident or occurrence (the "causation view"); (2) the policy limits clause refers to effect or result of the accident or occurrence (the "effect view"); (3) the policy limits clause refers to the liability triggering event (the "liability triggering event view").

*Dow Chemical Co. v. Associated Indemnity Corp.,* 727 F.Supp. 1524, 1526 (E.D.Mich. 1989). The vast majority of jurisdictions apply the "cause view" in determining the number of accidents or occurrences under liability policies.[3] *Id.* at 1528. I have not found a Michigan or Ohio case applying the "effects view" or the "liability triggering view" in the context of a car accident. Thus, I hold that if the courts of Ohio and Michigan were faced with the set of facts presented here, they would both follow the "cause view" as embodied in the cases discussed below.

Courts from jurisdictions other than Ohio and Michigan have dealt with the issue of multiple vehicle collisions. The common thread between these cases is whether the driver ever regained control of his vehicle. In *Hyer v. Inter–Insurance Exchange of Automobile Club of Southern California,* 77 Cal. App. 343, 246 P. 1055, 1055 (Cal.App.1926), the court found a single accident where the collision with the first car "broke the steering gear of the [car], causing it to become un-

manageable, so that its path of travel could not be controlled" and caused a collision with a second car.

In *Truck Insurance Exchange v. Rohde,* 49 Wash.2d 465, 303 P.2d 659, 663 (Wash. 1956), the court found a single accident where an automobile hit three motorcycles about 75 feet apart because the automobile "went out of control, either before or simultaneously with the first collision, and [it] remained out of control until it came to rest after the third collision."

A New Jersey court held in *Bacon v. Miller,* 113 N.J.Super. 271, 273 A.2d 602, 604 (N.J.Super.Ct.App.Div.1971), that there was one accident where a car went up on the sidewalk and continued on the sidewalk striking three pedestrians. Citing to *Truck Insurance Exchange,* the court found that "defendant's car was out of control from the time of first contact." *Id.* at 605.

In *Olsen v. Moore,* 56 Wis.2d 340, 202 N.W.2d 236, 241 (Wis.1972), defendant's vehicle struck two cars approximately 6 car lengths apart. Defendant's testimony regarding the accident was similar to statement of Earl Phillips regarding the accident: "I remember making a turn off onto Highway I–94, I remember passing a car, I remember rolling up the window so the wind wouldn't blow in, and I proceeded down the highway and that's the last I remember." *Id.* The court found that "there was virtually no time or space interval between the two impacts [and defendant] never regained his control over the automobile prior to striking the second...." *Id.*

In *Hartford Accident & Indemnity Company v. Wesolowski,* 33 N.Y.2d 169, 350 N.Y.S.2d 895, 305 N.E.2d 907, 909 (N.Y.

---

**3.** Plaintiff argues that *Elston–Richards Storage Co. v. Indemnity Insurance Co.,* 194 F.Supp. 673 (W.D.Mich.1960), is applicable here. That case involved damage to a number of appliances by a forklift over a span of nine months. *See id.* at 682. The relevant terms, "event" and "occurrence," were undefined. *Id.* at 674. In coming to this conclusion, the *Elston–Richards* court relied on a New York case, *Arthur A. Johnson Corp. v. Indemnity Insurance Co. of North America,* 6 A.D.2d 97, 175 N.Y.S.2d 414, 416 (1958) in which a single rainstorm caused two walls to collapse within an hour of each other.

In a later case, the New York court distinguished *Johnson* from a situation involving a multiple vehicle accident in which the first and second collisions took place "but an instant apart." *Hartford Accident & Indemnity Company v. Wesolowski,* 305 N.E.2d 907, 909, 350 N.Y.S.2d 895, 33 N.Y.2d 169 (N.Y.1973). Had Earl Phillips regained control of his truck after the first collision and then struck another vehicle, *Elston–Richards* might apply here. However, the accident here is almost identical to the facts in *Hartford,* and thus distinguishable from *Elston–Richards. Hartford* is discussed in more detail below.

1973), a car traveling southbound sideswiped a vehicle heading northbound and then proceeded to collide head on with a second northbound vehicle. Before the collision, the northbound vehicles were 400 to 500 feet apart and there was at least 130 feet between the first and the second collision. *See id.* Based on those facts, the highest court of the State of New York held that there was a single accident because "the two collisions here occurred but an instant apart. The continuum between the two impacts was unbroken, with no intervening agent or operative factor." *Id.* at 910, 350 N.Y.S.2d 895.

The cases finding multiple accidents rather than a single accident are distinguishable from the instant case. In *Liberty Mutual Insurance Co. v. Rawls*, 404 F.2d 880 (5th Cir.1968), the Fifth Circuit found two accidents where the driver, Bess, was traveling at a high rate of speed being pursued by two deputy sheriffs. There was "no evidence that the Bess automobile went out of control after striking the rear end of appellees' automobile. On the contrary, the only reasonable inference is that Bess had control of his vehicle after the initial collision." *Id.*

In *Illinois National Insurance Co. v. Szczepkowicz*, 185 Ill.App.3d 1091, 134 Ill. Dec. 90, 542 N.E.2d 90, 91 (Ill.App.1989), a tractor trailer attempting to enter the southbound lane, stopped and blocked both northbound lanes of traffic. After one collision with a northbound vehicle, the tractor trailer moved up about 12 feet opening up one lane of traffic but still blocking one lane. *See Id.* Five minutes later, another northbound automobile struck the tractor trailer. *See id.* The court held that there were two accidents.[4] *Id.* In both *Rawls* and *Szczepkowicz*, the drivers had either regained or maintained control of their vehicles between the initial and subsequent collision. That was not the case here.

Applying the principles discussed above to the undisputed facts of this case, I find that there was only one accident. This conclusion is based on the distance between the cars in the eastbound lane prior to the first collision, the rapid succession of the collisions, the statement of Phillips that he could not see any oncoming cars, but only a tunnel of debris, and the absence of any evidence showing that Phillips ever regained control of his vehicle after the first collision. I conclude that the only possible inference is that Phillips lost control of his vehicle immediately prior to or during the initial collision with the Mustang and remained out of control during the subsequent collisions until his tractor trailer came to rest.

The collisions in this case resulted from the "continuous or repeated exposure to the same condition," namely, a tractor trailer that struck four cars before coming to rest. Thus, under the unambiguous terms of defendant's policy, there was a single accident and liability is limited to $1,000,000.

For the foregoing reasons, it is hereby

ORDERED THAT defendant's motion for summary judgment be, and hereby is, granted.

So Ordered.

---

4. On similar facts, a California court found that there was a single accident. *United Services Automobile Association v. Baggett*, 209 Cal.App.3d 1387, 258 Cal.Rptr. 52 (Cal.App.1989). In that case, two vehicles collided and both stopped in the center lane. *See id.* The two drivers got out and briefly discussed the accident, but a minute later a third vehicle struck one of the stopped vehicles. *See id.* Because the drivers of the first two vehicles stopped and got out, it is clear that neither vehicle was out of control when the second collision occurred. The court instead relied on the close proximity of the two collisions in time and space to conclude that there was one accident. *Id.* This case is unique and I choose not to rely on it in my ruling today.