GREATER CINCINNATI CHAMBER OF COMMERCE

v.

GHANBAR, Appellant; Progressive Insurance Company, Appellee.

[Cite as *Greater Cincinnati Chamber of Commerce v. Ghanbar,* 157 Ohio App.3d 233, 2004-Ohio-2724.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–030464.

Decided May 28, 2004.

O'Connor, Acciani & Levy, L.L.C., Eric P. Allen and Maggie Kerr, for appellant.

Ebner & Riker, L.L.P., and J. Timothy Riker, for appellee.

---

HILDEBRANDT, Presiding Judge.

{¶ 1} Defendant-appellant, George Ghanbar, appeals from the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee, Progressive Insurance Company, in a declaratory-judgment action filed by plaintiff, Greater Cincinnati Chamber of Commerce (the "Chamber"). For the following reasons, we affirm the judgment of the trial court.

{¶ 2} At the 1999 Oktoberfest celebration in downtown Cincinnati, Michael Cowperthwaite drank an excessive amount of alcohol. After leaving Oktoberfest, he drove his automobile through the barricades surrounding the event. He ultimately drove the car through a crowd of people gathered around a bandstand and injured more than 20 of those people before his car struck another vehicle and came to a stop.

{¶ 3} Cowperthwaite was insured under a policy with Progressive that provided coverage up to the limits of $12,500 per person and $25,000 per accident. The policy in question defined accident as "a sudden, unexpected and unintended occurrence."

{¶ 4} The Chamber, which participated in organizing Oktoberfest, was named in numerous lawsuits arising out of the injuries sustained as a result of Cowperthwaite's actions. Ghanbar was one of the persons who named the Chamber in an action claiming that, as a sponsor of the event, the Chamber was liable for the injuries.

{¶ 5} In 2002, the Chamber filed a declaratory-judgment action seeking a declaration of the extent of Progressive's coverage for the injuries inflicted by Cowperthwaite. The parties filed a stipulation of facts with the trial court, along with the deposition of Cowperthwaite and the deposition of Susan Jeffre, one of the other persons injured at Oktoberfest.

{¶ 6} The parties filed cross-motions for summary judgment, and in an entry journalized May 19, 2003, the trial court entered summary judgment in favor of Progressive and denied Ghanbar's motion for summary judgment. In its entry, the trial court held that a single accident had caused the injuries and that, therefore, Progressive's liability was limited to a total of $25,000.

{¶ 7} In a single assignment of error, Ghanbar now argues that the trial court erred in granting Progressive's motion for summary judgment and in denying his motion for summary judgment. He contends that the trial court erred in holding that there had been only a single accident that had caused the injuries rather than a series of accidents that had harmed each individual victim.

{¶ 8} Pursuant to Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and

---

1. See *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189.

once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2] This court reviews the granting of summary judgment de novo.[3]

{¶ 9} In the case at bar, the trial court properly granted summary judgment in favor of Progressive. A court must give the plain language in an insurance contract its "ordinary meaning."[4] Here, the policy language defined an "accident" as "a sudden, unexpected and unintended occurrence." Thus, if the injuries arose from a single occurrence, recovery was limited to $25,000, regardless of the number of victims.

{¶ 10} We find no error in the trial court's conclusion, based upon the uncontroverted evidence that the injuries in the case at bar were caused by a single accident. The injuries occurred as a result of a single act on the part of Cowperthwaite. The evidence in the record indicated that Cowperthwaite plowed through a crowd of people and injured them almost simultaneously. A single, indivisible course of conduct caused the injuries in question, and the trial court did not err in holding that the incident constituted a single occurrence with multiple victims. And although Ghanbar argues that the policy language was ambiguous with respect to what constituted an "accident," we find no such ambiguity.

{¶ 11} Ghanbar further argues, though, that the trial court erred in applying a "causation" theory in holding that there had been only a single accident. Under a causation theory of what constitutes an accident, the court determines whether a single cause resulted in multiple injuries.[5] If the injuries are the result of continuous or repeated exposure to the same conditions, then only one accident has occurred.[6] Ghanbar argues that the causation view is appropriately applied only where the policy language explicitly states that an accident includes "continuous or repeated exposure to the same conditions." Because the policy in the case at bar did not contain such explicit language, Ghanbar argues that the trial court erred in applying the causation theory.

---

2. See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

3. *Jorg v. Cincinnati Black United Front*, 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6, jurisdictional motion overruled, 100 Ohio St.3d 1471, 2003-Ohio-5772, 798 N.E.2d 406.

4. *Goering v. Choicecare Healthcare Plans, Inc.* (1999), 136 Ohio App.3d 22, 24, 735 N.E.2d 936, citing *Miller v. Marrocco* (1986), 28 Ohio St.3d 438, 439, 28 OBR 489, 504 N.E.2d 67.

5. See, e.g., *Banner v. Raisin Valley, Inc.* (N.D.Ohio 1998), 31 F.Supp.2d 591, 593.

6. Id.

{¶ 12} We find no merit in Ghanbar's argument. First, we note that the trial court did not mention the causation theory in its entry, so Ghanbar's argument that the court applied that theory is simply not supported in the record. Moreover, even if the trial court did apply the causation theory, we hold that there was no error. As we have already held, the policy language in the case at bar supported the trial court's conclusion that the injuries had resulted from a single accident. The trial court's inquiry into whether a single cause had resulted in the injuries would have been proper even in the absence of language defining an "accident" in terms of causation. The question whether there had been a single accident under the policy language was inextricably linked to the question of causation, and the trial court came to the proper conclusion under the undisputed facts of this case. Even in the absence of the "continuous or repeated exposure" language, the court correctly held that there was only one accident in the case at bar.[7] The assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

GORMAN and SUNDERMANN, JJ., concur.

---

7. See *Banner*, supra, 31 F.Supp.2d at 592 (tractor-trailer striking four other vehicles in brief period of time constituted a single accident, even if the term "accident" had been defined merely as "an unexpected or unintended happening").