COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, AtLee and Malveaux
Argued at Fredericksburg, Virginia

UNPUBLISHED

JERALD THOMAS McCLARD, S/K/A
 JEROLD THOMAS McCLARD, JR.

                                                    MEMORANDUM OPINION[*] BY
v.       Record No.  0009-19-4                      JUDGE GLEN A. HUFF
                                                    DECEMBER 27, 2019
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Gaylord L. Finch, Jr., Judge Designate

            Peter Francescon (Law Office of Peter Francescon, PLLC, on
            brief), for appellant.

            Lauren C. Campbell, Assistant Attorney General (Mark R.
            Herring, Attorney General, on brief), for appellee.


        Following a bench trial, Jerald Thomas McClard ("appellant") was convicted of driving

under the influence in violation of Code § 18.2-266, refusal of a breath test in violation of Code

§ 18.2-268.3, and two counts of hit and run in violation of Code § 46.2-894.  The trial court

suspended appellant's driver's license and sentenced appellant to a total of two years'

incarceration with all but seven days suspended.[1]  Appellant now argues that the facts established

only one accident and, therefore, can support only one conviction for hit and run.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court sentenced appellant to twelve months' incarceration with twelve months suspended on the first hit and run charge; two years' incarceration with one year and 358 days suspended on the second; thirty days' incarceration with thirty days suspended and a $250 fine on the driving under the influence charge; and a suspended license on the refusal of a breath test charge.  All sentences were to run concurrently.

The trial court's finding that there were two accidents is not plainly wrong or without evidence to support it. Because two accidents can support two hit and run charges, this Court affirms.

## I. BACKGROUND

On appeal, this Court "consider[s] the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." Williams v. Commonwealth, 49 Va. App. 439, 442 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672 (2004)). So viewed, the evidence is as follows:

In the early afternoon of April 22, 2017, Walter Gomez Granillo was driving his Toyota Camry northbound on the two-lane private thoroughfare within the Marumsco Plaza Shopping Center in Prince William County. Gilberto De Jesus Mangandid was driving his Ford F-350 southbound on the same road. Appellant was driving his Ford SUV southbound, directly behind Mangandid's vehicle.

Appellant attempted to "overtake" Mangandid's vehicle by entering the lane of oncoming traffic in order to pass Mangandid. In the process of attempting to pass the Ford F-350 appellant side-swiped Mangandid's truck, causing more than $4,000 damage to the truck bed and the driver-side door on the extended cabin. Appellant then veered to the left, away from Mangandid's truck, and continued to accelerate in an attempt to pass him.

As appellant was attempting to pass Mangandid's truck, Granillo was approaching in the oncoming lane of traffic. When Granillo saw appellant enter his lane of travel, he began honking his horn. He saw appellant strike Mangandid's truck, veer away from it, and continue to attempt to pass. As appellant drove forward in Granillo's lane of travel, he collided with Granillo's car. The force of the impact pushed Granillo's vehicle onto an adjoining median. The damage to Granillo's car was so severe that the car was a total loss.

After the impacts, all three vehicles stopped. Appellant's vehicle came to rest approximately 100 feet from the collision with Granillo's vehicle. Granillo exited his vehicle and approached appellant. Appellant never attempted to give him or Mangandid his information. Granillo noticed that appellant's face was red and that appellant smelled of alcohol. Granillo took a picture of appellant's license plate and then called the police and his insurance company. He also informed appellant that the police were coming and advised him not to leave.

During this time, appellant began replacing the front, driver-side tire of his vehicle, which had been damaged in the collision with Granillo's car. Once he replaced the tire, appellant fled the scene. Shortly thereafter, Detective Gresham and Officer Parris arrived on the scene. Using the picture of the license plate taken by Granillo, the officers were able to identify appellant and his place of residence. Officers went to his residence and spoke with appellant. Appellant admitted to being involved in the accident, displayed indicia of intoxication, but refused to provide a breath sample for blood alcohol testing.

Appellant was subsequently indicted for driving under the influence in violation of Code § 18.2-266, refusal of a breath test in violation of Code § 18.2-268.3, and two counts of hit and run in violation of Code § 46.2-894. At the outset of the trial, appellant moved to quash one hit and run indictment on the grounds that there was only one accident and, therefore, could be only one charge. The trial court denied the motion, and appellant was tried without a jury. After the Commonwealth's case, appellant moved to strike one hit and run charge, arguing that the facts established only one accident and, therefore, could support only one hit and run conviction. The trial court denied the motion, finding that there were two separate accidents. Appellant presented evidence, rested, and renewed his motion to strike. The trial court denied appellant's renewed motion to strike and subsequently found appellant guilty of all four charges. This appeal followed.

## II. STANDARD OF REVIEW

"When a defendant challenges the sufficiency of the evidence, we view the evidence and all reasonable inferences in the light most favorable to the Commonwealth, the prevailing party in the trial court." Rowland v. Commonwealth, 281 Va. 396, 399 (2011). "The judgment of conviction will be reversed only when the ruling is plainly wrong or without evidence to support it." Cordon v. Commonwealth, 280 Va. 691, 694 (2010). Furthermore, this Court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Hamilton v. Commonwealth, 69 Va. App. 176, 195 (2018) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663 (2003)). This Court asks only whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.

"To the extent our analysis of the sufficiency of the evidence requires us to examine the statutory language, we review issues of statutory construction *de novo* on appeal." Miller v. Commonwealth, 64 Va. App. 527, 537 (2015) (citing Sarafin v. Commonwealth, 288 Va. 320, 325 (2014)).

## III. ANALYSIS

Appellant argues that there was only one accident and, therefore, only one of his hit and run convictions can be sustained on the facts of this case. The trial court found that there were two accidents. That finding is supported by the evidence, and this Court affirms.

The hit and run statute provides that:

> The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic . . . and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property. The

> driver shall also render reasonable assistance to any person injured in such accident, including taking such injured person to a physician, surgeon, or hospital if it is apparent that medical treatment is necessary or is requested by the injured person.

Code § 46.2-894. "The gravamen of the offense under the statute is a single accident, regardless of the number of persons injured or the extent of the damage." Tooke v. Commonwealth, 47 Va. App. 759, 765 (2006). Accordingly, the unit of prosecution under Code § 46.2-894 is the number of accidents which occurred. See id. at 765-66 (holding that when two passengers in the same vehicle were injured, there was only one accident and, therefore, could be only one conviction under Code § 46.2-894). The statute does not delineate when a series of collisions constitute a single accident as compared to multiple accidents. However, the Supreme Court has addressed an analogous situation before.

In James v. Commonwealth, 178 Va. 28 (1941), the owner of a vehicle allowed an intoxicated person to drive while the owner fell asleep in the passenger seat. The driver plowed into a crowd of pedestrians. The vehicle struck and killed three pedestrians before leaving the scene. Because he was asleep, the owner of the vehicle did not see the driver hit either of the first two pedestrians. However, he told police that he "woke up from a jar" and subsequently saw the third pedestrian being struck and killed. Id. at 37. The owner of the vehicle was indicted and convicted of three counts of hit and run as a principal in the second degree. The Supreme Court held that those facts were sufficient to establish two separate and distinct accidents, but not three. Id. Key to that decision was the observation that there "was some interval between the time the accused felt the first jar and the time he saw the car strike [the third pedestrian]." Id. Indeed, "[e]xcept for the statement made by the accused . . . only one accident would have been established." Id. at 38. The Court ruled that the Commonwealth had failed to carry its burden to demonstrate that the first two victims were struck in separate accidents. Id.

James establishes that for two collisions to constitute two accidents, they must be sufficiently attenuated from each other. Sufficient attenuation requires that the two collisions arise from separate causations.[2] Additionally, there must be at least some temporal interval, however brief, between the collisions.[3] To decide otherwise would yield absurd results; for instance, where a driver rear-ends a vehicle in heavy traffic, pushing it into the vehicle ahead of it, starting a chain reaction, there may be a single proximate cause and, therefore, a single accident. To say that the driver of the vehicle which initiated the chain reaction had a separate and distinct accident with each impacted vehicle in the chain would be incompatible with everyday experience.

In sum, for two collisions to constitute separate accidents, it must be true that (1) the collisions had separate causes and (2) there was a sufficient temporal interval between them. With these principles in mind, the Court turns to the trial court's factual finding that there were two accidents. The evidence established that appellant entered the oncoming lane of traffic in an attempt to pass Mangandid's truck. He side-swiped the truck, veered away from the truck, and continued accelerating in order to pass the truck. At no point did appellant lose control of his vehicle. Instead, he attempted to cut in front of Mangandid's truck and re-enter his lane of travel

---

[2] This requirement is congruent with tort law. This Commonwealth has long followed the "cause approach" to determining whether two collisions constitute a single accident in determining liability under applicable insurance policies. See, e.g., American Cas. Co. of Reading, Pa. v. Heary, 432 F. Supp. 995, 997 (E.D. Va. 1977) (interpreting Virginia law to incorporate the "cause approach" because of "the time-honored acceptance of the [Commonwealth's] Bench and Bar of the cause approach."). Under this approach, two collisions constitute a single accident if they share the same cause. See generally Michael P. Sullivan, What Constitutes Single Accident or Occurrence Within Liability Policy Limiting Insurer's Liability to a Specified Amount Per Accident or Occurrence, 64 A.L.R. 4th 668 (2011).

[3] A sufficient temporal interval may also be indicative of separate causations, if it afforded the driver the opportunity to regain control of his vehicle and avoid the second collisions. Compare Liberty Mutual Ins. Co. v. Rawls, 404 F.2d 880 (5th Cir. 1968), with Kansas Fire and Cas. Co. v. Koelling, 729 S.W.2d 251 (Mo. Ct. App. 1987).

to avoid hitting oncoming traffic. Nevertheless, he struck Granillo's car so forcefully that he pushed it onto the adjoining median. Appellant came to a stop approximately 100 feet away, changed a flat tire, and fled the scene.

Given these circumstances, this Court cannot say that the trial court's finding of two accidents was plainly wrong or without evidence to support it. The evidence supports a determination that the collisions had separate causations and that there was a sufficient temporal interval between the two collisions. Therefore, this Court will not disturb the trial court's finding that the two collisions constituted two accidents.

## IV. CONCLUSION

Under the unique facts of this case, the trial court's finding that there were two separate accidents was not plainly wrong or without evidence to support it. Because two accidents can support two hit and run charges, this Court affirms.

Affirmed.