MILLER ET AL. *v*. MARROCCO, APPELLANT;
MEDICAL PROTECTIVE COMPANY, APPELLEE.

[Cite as Miller *v*. Marrocco (1986), 28 Ohio St. 3d 438.]

(No. 86-347—Decided December 31, 1986.)

*Kohnen & Kohnen, James A. Hunt* and *Dennis R. Lapp,* for appellant.

*French, Marks, Short, Weiner & Valleau, D. Marc Routt, Bieser, Greer & Landis* and *David C. Greer,* for appellee.

*Per Curiam.* The issue *sub judice* is whether the insurance policy in question provides coverage to appellant. For the reasons to follow, we find that such policy does not cover appellant.

The terms of the insurance policy in question limit coverage to actions "in the name and on behalf of the Insured." The only insured on this policy is the professional corporation. While appellant, Peter A. Marrocco, M.D., is an employee and shareholder of the professional corporation, the professional corporation was a separate legal entity distinct and apart from Dr. Marrocco. Dr. Marrocco was not individually insured by the professional corporation.

Appellant argues that Medical Protective Company must indemnify him based upon policy language that indicates: "* * * [Medical Protective Company] hereby agrees to DEFEND and PAY DAMAGES, * * * A[.] IN ANY CLAIM FOR DAMAGES, AT ANY TIME FILED, BASED ON PROFESSIONAL SERVICES RENDERED OR WHICH SHOULD HAVE BEEN RENDERED, BY * * * [the professional corporation] OR ANY OTHER PERSON FOR WHOSE ACTS OR OMISSIONS THE * * * [professional corporation] IS LEGALLY RESPONSIBLE * * *." We disagree. This clause provides only that the policy covers any liability for which the professional corporation may be charged as a result of Dr. Marrocco's negligence. It does not cover any liability Dr. Marrocco may incur *individually* since it is the professional corporation and *not* Dr. Marrocco who is insured by this policy.

Dr. Marrocco was the *sole* defendant in this medical malpractice action. The corporation was never made a defendant, and no claim was ever made against it. The Millers did not include the corporation in the original suit, and Dr. Marrocco failed to take advantage of his opportunity, pursuant to Civ. R. 14, to implead the professional corporation, prior to the expiration of the statute of limitations.

The law in this state is well-established with respect to the interpretation of insurance contracts. A court has an obligation to give plain language its ordinary meaning and to refrain from rewriting the contractual agreement of the parties. See, *e.g., Saba* v. *Homeland Ins. Co. of America* (1953), 159 Ohio St. 237, 240 [50 O.O. 269]; *Cox* v. *U.S. Fire Ins. Co.* (1974), 41 Ohio Misc. 128, 130-131 [70 O.O.2d 275]. See, also, *Munchick* v. *Fid. & Cas. Co.* (1965), 2 Ohio St. 2d 303 [31 O.O.2d 569]; *Yeager* v. *Pacific Mut. Life Ins. Co.* (1956), 166 Ohio St. 71 [1 O.O.2d 204]; *American Policyholders Ins. Co.* v. *Michota* (1952), 156 Ohio St. 578 [46 O.O. 476].

The language in the policy is both clear and explicit. Dr. Marrocco was not insured under the professional corporation's policy. Accordingly, we affirm the judgment of the court of appeals below.

*Judgment affirmed.*

CELEBREZZE, C.J., LOCHER, HOLMES and WRIGHT, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

C. BROWN, J., dissents, with opinion.

CLIFFORD F. BROWN, J., dissenting. The sole issue in this action is whether the appellant is covered in his individual capacity under the insurance policy carried by his professional corporation. Because the majority erroneously excludes the appellant doctor from coverage under the corporate policy, I dissent.

The corporate insurance policy states that the insurance company "agrees to defend and pay damages, in the name and on behalf of the insured, * * * in any claim for damages, at any time filed, based on professional services rendered or which should have been rendered, by the insured or any other person for whose acts or omissions the insured is legally responsible, in the practice of the insured's profession during the term of this policy; * * *." (Capitalization deleted.)

The plain language of an insurance contract must be given its ordinary meaning absent any ambiguity in the policy provisions.

The language of this contract clearly contemplates coverage of actions undertaken by employees, such as Dr. Marrocco, within the scope of their employment. There is no question that Marrocco was employed by the professional corporation, or that he was acting within the scope of his employment at the time of the malpractice. Therefore, the plain language of the insurance contract requires the Medical Protective Company to defend and indemnify Marrocco up to the $200,000 limit of the corporate policy.

A conflict similar to the present action arose in *Zavota* v. *Ocean Accident & Guarantee Corp.* (C.A. 1, 1969), 408 F. 2d 940. In interpreting an insurance contract similar to the one at issue, the *Zavota* court reached a result consistent with my analysis above, stating:

"We think * * * [the insurance company] has an erroneous understanding of the definition-of-insured clause. Any employee of a corporation whose negligent act imposes ordinary tort liability on his employer is himself personally liable to the third party, if the third party chooses to sue. Normally employees are not sued—the corporation is richer, as well as a better target. However, a corporate employee might be a useful defendant, and consequently may be in need of insurance. The purpose of a clause like the present, in our opinion, is to protect the employee against suits wherever his conduct is such, in relation to the corporation, that the corporation would be liable. Since, by hypothesis, the insurer covered such an accident anyway, there is no great cost to it to broaden the definition of its insured; indeed, the contrary result would be in the nature of a windfall to it." *Id.* at 942-943.

I cannot support the windfall the majority sees fit to grant Medical Protective Company by allowing it to escape the obligation imposed by the clear language of the corporate policy. Therefore, I respectfully dissent.