**GOERING, Appellant,**

v.

**CHOICECARE HEALTHCARE PLANS, INC., Appellee.**

[Cite as *Goering v. Choicecare Healthcare Plans, Inc.* (1999), 136 Ohio App.3d 22.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980962.

Decided Nov. 19, 1999.

*T. Martin Jennings*, for appellant.

*Deborah R. Lydon* and *Frederick N. Hamilton*, for appellee.

---

GORMAN, Judge.

Plaintiff-appellant, Robert A. Goering, challenges the summary judgment granted by the trial court in favor of defendant-appellee, Choicecare Health Plans, Inc. In two interrelated assignments of error, he contends that the installation of a ramp in his van to transport his son's wheelchair is covered under his Choicecare health-plan policy.

Goering's son suffers from a debilitating physical condition that requires him to use a powered wheelchair. Choicecare provides health-maintenance benefits for covered services obtained from approved health providers who participate in its network. Pursuant to the durable medical equipment benefits identified in the policy, in July 1997, Choicecare ultimately provided coverage for the purchase of Goering's wheelchair.

The record before the trial court, now fully available for review pursuant to an App.R. 9(E) stipulation, reveals that after Choicecare approved the purchase of the wheelchair, Goering purchased a "rampvan package" from Forward Motions, Inc., of Dayton, Ohio. There is no evidence of record indicating that Forward Motions is an approved provider. Including Goering's July 8, 1997 initial payment of $8,192.50, the cost of the ramp and the modifications to the suspension and air-conditioning systems of Goering's van exceeds $16,700. In discovery, Goering admitted that he did not obtain approval from Choicecare before purchasing the rampvan package, as required by the policy. In August 1997, Goering sought approval of the ramp installation. This lawsuit followed Choicecare's denial of coverage.

The purpose of summary judgment is to determine from the evidentiary materials if there is a triable issue. A motion for summary judgment shall be granted if the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, makes the following determinations: first, that no genuine issue of material fact remains to be litigated; second, that the moving party is entitled to judgment as a matter of law; and third, that the evidence demonstrates that reasonable minds can come to but one conclusion and that conclusion is adverse to the party opposing the motion. Civ.R. 56(C); *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273. Where, as here, the moving party satisfies its burden, the nonmoving party cannot rest on the allegations in the pleadings, but has a reciprocal burden to set forth specific facts demonstrating that there is a triable issue of fact. *Id.*

Choicecare's policy, in Section XVI, provides coverage for "Durable Medical Equipment * * * which is primarily medical in nature; can withstand daily use of at least twelve (12) months duration, *is appropriate for use in the home;* and is generally not useful to a person in the absence of the illness or injury for which it is used." (Emphasis added.) The policy also states, in Section VII, subsection eighteen, that "travel and transportation expenses, even though prescribed by a physician" are excluded from coverage, except for emergency transportation.

A court must give plain language in an insurance contract its "ordinary meaning." *Miller v. Marrocco* (1986), 28 Ohio St.3d 438, 439, 28 OBR 489, 490–491, 504 N.E.2d 67, 69. "[A]n exclusion from liability must be clear and exact in order to be given effect." *Lane v. Grange Mut. Cos.* (1989), 45 Ohio St.3d 63, 65, 543 N.E.2d 488, 490. " '[O]nly where a contract of insurance is ambiguous and therefore susceptible to more than one meaning must the policy language be

liberally construed in favor of the claimant who seeks coverage.'" *United States Fire Ins. Co. v. Ohio High School Athletic Assn.* (1991), 71 Ohio App.3d 760, 764, 595 N.E.2d 418, 420, quoting *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 89, 545 N.E.2d 83, 88.

To avoid the exclusion under the plain and unambiguous language of the policy, Goering's reciprocal burden was to offer evidentiary material to create, at least, an inference that the van ramp was appropriate for use in the home. As the record is silent in this respect, the granting of summary judgment for Choicecare was appropriate. Goering's two assignments of error are overruled.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PAINTER, J., concurs.

SHANNON, J., dissents.

RAYMOND E. SHANNON, J., retired, from the First Appellate District, sitting by assignment.

SHANNON, Judge, dissenting.

Respectfully, I differ with my colleagues on the result they reach.

Without question, they have accurately given the law with respect to Civ.R. 56 and the general principles applicable to the interpretation of insurance contracts. It is the special, uncontested facts of the case that cause me to part company with them.

The plaintiff-appellant, Robert A. Goering, and his wife are the parents of a son who suffers from a physical condition that first manifested itself in the early months of the child's life. Progressively, that malaise has rendered him unable to talk, to walk, and to stand or sit without support, and requires routine, periodic visits to hospitals for treatment and further diagnosis. Physical therapy is administered to him at appropriate facilities in continuing efforts to alleviate the effects of his illness. He is transported to those locations in a van purchased by his parents, which has been equipped with the ramp on which this controversy centers.

Recognizing the child's special needs, the defendant-appellee, Choicecare Healthcare Plans, Inc., elected to provide Goering coverage for a wheelchair. Clearly, without that device the child would be immobile for all practical purposes. It is undisputed that the wheelchair is of such dimension and weight that Mr. and Mrs. Goering working in concert are unable to move it from their

home, the child's permanent residence, into the van so that he can be transported to the specialists treating him.

As I see the record, all of these factors were apparent to Choicecare. Without the addition of the ramp to lift the wheelchair from ground level to the interior of the van, the wheelchair's utility would have been limited to movement of the child within the home or its immediate vicinity. As a result, his transportation to the several special facilities would have been done primarily by the arms of his parents. In reality, Choicecare has provided but half a wheelchair at best.

I cannot agree that, in light of these special, highly unusual circumstances, the exclusionary provisions of Section VII dispose of Goering's claim or that Section XVI can be employed to limit the intended use of the wheelchair solely to the child's home. There is, to my eye, an ambiguity. Whether the van ramp is such an indispensable addition to the wheelchair itself, without which it serves less than its intended purposes, is a genuine, material issue of fact in this case, one that, arguably, was within the contemplation of Choicecare when it initially decided to provide coverage for the wheelchair. Given the need to resolve that question of fact, summary judgment is inappropriate.

Resultantly, I am compelled to conclude that summary judgment was improvidently and erroneously granted to Choicecare. I would reverse and remand this cause for trial upon the issue I see to exist.