FAIRVIEW HOSPITAL, Appellant,

v.

FORTUNE; Medical Mutual of Ohio, Appellee.

[Cite as *Fairview Hosp. v. Fortune* (2001), 141 Ohio App.3d 314.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77468.

Decided Feb. 12, 2001.

*Michael T. Williams,* for appellant.

*Paul Mancino III,* Associate Corporate Counsel, Medical Mutual of Ohio, for appellee.

---

PATRICIA ANN BLACKMON, Judge.

This appeal raises the issue whether R.C. 3901.38 mandates a third-party payer to honor and to accept a validly executed assignment of benefits entered between its insured and the insured's medical provider. Appellant Fairview Hospital sued

appellee Medical Mutual of Ohio ("Medical Mutual") for $18,347.91, claiming title to the funds under the assignment of benefits executed by appellee's insured Barbara Fortune, whom it had treated. Medical Mutual successfully received summary judgment arguing that its anti-assignment clause forbid it from paying Fairview Hospital directly and urged that it acted properly in paying the funds to Fortune. Fairview Hospital assigns the following errors for our review in challenging the trial court's summary judgment in appellee's favor:

"I. The trial court erred in granting summary judgment for Medical Mutual of Ohio.

"II. The trial court erred when it denied Fairview's motion for summary judgment.

"III. The trial court erred in not invalidating Medical Mutual of Ohio's anti-assignment provision where Medical Mutual of Ohio failed to follow ORC § 3901.38."

Having reviewed the record and the legal arguments of the parties, we reverse and enter judgment for Fairview Hospital against Medical Mutual and remand to the trial court for an order consistent with this opinion.

On April 27, 1999, appellant Fairview Hospital filed a complaint against Barbara Fortune and her insurance company, Medical Mutual, for payment due for inpatient medical services. In the complaint, Fairview Hospital alleged Fortune incurred medical expenses in the amount of $18,347.91. Fairview Hospital also alleged that Fortune executed an assignment of benefits authorizing Medical Mutual to make the payment directly to Fairview Hospital. It also alleged that Medical Mutual paid Fortune who then converted the money to her own use.

Fairview Hospital alleged that, pursuant to the assignment of insurance benefits completed by Fortune, Fairview Hospital was entitled to seek direct payment from Medical Mutual. Fairview Hospital also alleged that Medical Mutual violated R.C. 3901.38 by paying Fortune directly. In response to the complaint, Medical Mutual argued that its certificate of insurance precluded the assignment of payment to Fairview Hospital, and payment was properly made to Fortune under the contract of insurance. Medical Mutual also filed a cross-claim against Fortune, alleging unjust enrichment and conversion.

On August 25, 1999, Medical Mutual filed a motion for summary judgment, again alleging that its certificate of insurance precluded Fortune from assigning her right to receive payment to anyone else. Medical Mutual argued that it had not received the assignment of benefits form from Fairview Hospital until after it had paid Fortune. This allegation was later retracted. Medical Mutual also argued that R.C. 3901.38 was inapplicable to the case.

R.C. 3901.38 (payment of health care providers by third–party payers) provides:

"If the third-party payer and the hospital have not entered into a contract regarding the provision and reimbursement for covered services, the third-party payer shall accept and honor a completed and validly executed assignment of benefits with the hospital by a beneficiary, except when the third-party payer has notified the hospital in writing of the conditions under which the third-party payer will not accept and honor an assignment of benefits. Such notice shall be made annually."

Medical Mutual argued that because Fortune received skilled nursing care services during her stay at Fairview Hospital, Fairview Hospital was acting as a skilled nursing facility. Medical Mutual argued that since R.C. 3727.01 excludes skilled nursing care services from its definition of "hospital," Fairview Hospital was not a "hospital" for purposes of R.C. 3901.38.

In response to the summary judgment motion, Fairview Hospital argued that Medical Mutual improperly paid Fortune despite having notice that Fortune had executed an assignment of benefits in favor of Fairview Hospital. Fairview Hospital also argued that it was a "hospital" as defined in R.C. 3727.01 and that, because Medical Mutual failed to notify Fairview Hospital that it would not honor assignments, Medical Mutual should be estopped from asserting the anti-assignment provision as a defense.

In a journal entry dated December 10, 1999, the trial court granted Medical Mutual's motion for summary judgment and denied Fairview Hospital's cross-motion for summary judgment. This appeal followed.

Because Fairview Hospital's assignments of error are intertwined, we will address them together. Fairview Hospital argues that the trial court erred when it failed to follow the mandate of R.C. 3901.38.

 In this case, Medical Mutual sought summary judgment on the grounds that R.C. 3901.38 was inapplicable to the case. Medical Mutual argued that, because it provided skilled nursing care services to Fortune, Fairview Hospital was not a "hospital" as defined by R.C. 3727.01. Although the trial court shared this view, we disagree. Insurance polices are written contracts whose meaning must be determined according to the same rules as are applicable to other written contracts. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167, 24 O.O.3d 274, 275, 436 N.E.2d 1347, 1348. When words and phrases in insurance polices are clear and unambiguous, they must be given their plain and ordinary meaning when possible and a court may not resort to construction of the policy language. *Goering v. Choicecare Healthcare Plans, Inc.* (1999), 136 Ohio

App.3d 22, 735 N.E.2d 936, citing *Miller v. Marrocco* (1986), 28 Ohio St.3d 438, 439, 28 OBR 489, 490–491, 504 N.E.2d 67, 69.

We find no reason to engage in the tortuous construction of R.C. 3727.01 urged by Medical Mutual. It is undisputed that Fairview Hospital is a facility that provided "diagnostic, medical, surgical, obstetrical, psychiatric, or rehabilitation care for a continuous period longer than twenty-four hours" as set forth in R.C. 3727.01. Though R.C. 3727.01 does exclude certain facilities, none of the exclusions is applicable to this case. R.C. 3727.01 provides that "hospital" does not include an institution for the sick that is (1) operated exclusively for patients who use spiritual means for healing and for whom the acceptance of medical care is inconsistent with their religious beliefs, (2) accredited by a national accrediting organization, (3) exempt from federal income taxation under Section 501 of the Internal Revenue Code of 1986, 100 Stat. 2085, Section 1, Title 26, U.S. Code, as amended, and (4) providing twenty-four hour nursing care pursuant to the exemption in R.C. 4723.32(G) from the licensing requirements of R.C. Chapter 4723. Though it argued that Fortune received skilled nursing care services at Fairview Hospital, Medical Mutual offered no evidence that Fairview Hospital was operated exclusively for patients who used spiritual means for healing and whose religious beliefs precluded the acceptance of medical care, accredited by a national accrediting organization, or exempt from federal income taxation under Section 501 of the Internal Revenue Code of 1986. Accordingly, Medical Mutual failed to establish that Fairview Hospital was not a "hospital." .

█ We now address the application of R.C. 3901.38 to this case. R.C. 3901.38 mandates that Medical Mutual *accept* and *honor* an assignment of benefits *or notify the hospital in writing that it will not.* The notice of refusal to accept and honor an assignment of benefits shall be made annually. Here, Medical Mutual does not deny that it received the assignment of benefits before it paid the $18,347.91 to Fortune. It equally does not deny that it failed to send notice to Fairview Hospital of its refusal to accept and honor the assignment of benefits. Accordingly, Medical Mutual failed to satisfy the mandate of R.C. 3901.38.

Medical Mutual argues that its anti-assignment clause outweighs the mandate of R.C. 3901.38. We agree that R.C. 3901.38 does not on its face speak to anti-assignment provisions directly. However, our reading of the statute is quite clear. The public policy in Ohio is to favor assignments to medical providers and to honor them unless the insurer in writing refuses to so honor the assignment.

Also, a careful reading of the insurance clause reveals the following:

*"You authorize MMO to make payments directly to Providers who have performed Covered Services for you.* MMO also reserves the right to make payment directly to you. When this occurs, you must pay the Provider and

MMO is not legally obligated to pay any additional amounts. *You cannot assign your right to receive payment to anyone else, nor can you authorize someone else to receive your payments for you.*" (Emphasis added.)

The clause first assigns payments directly to medical providers. Consequently, the policy is consistent with the mandate of R.C. 3901.38. The second sentence is a reservation of right to make the payment directly to the insured. This court concludes that such a reservation is perfectly consistent with R.C. 3901.38. However, in order for the reservation to be valid under R.C. 3901.38, the insurer must notify the provider in writing of its intention to refuse acceptance of the assignment.

The remaining sentence in the policy is an anti-assignment to anyone else clause. We read this in the same fashion as did the court in *Hermann Hosp. v. MEBA Med. & Benefits Plan* (C.A. 5, 1992), 959 F.2d 569. In *Hermann,* the court held:

"*We interpret the anti-assignment clause as applying only to unrelated, third-party assignees—other than the health care provider of assigned benefits* such as creditors who might attempt to obtain voluntary assignments to cover debts having no nexus with the plan or its benefits, or even involuntary alienations such as attempting to garnish payments for plan benefits. The typical "spendthrift" language of the clause is clearly intended to prevent either voluntary or involuntary assignment of payments under the Plan to those creditors of the participant or beneficiary of the Plan which have no relationship to the providing of covered benefits. *The anti-assignment clause should not be applicable, however, to an assignee who, as here, is the provider of the very services which the plan is maintained to furnish.*" (Emphasis added.)

Accordingly, we conclude that Medical Mutual is subject to the mandate of R.C. 3901.38, and we read its policy only as an anti-assignment clause as to all creditors except medical providers. Consequently, Fairview Hospital's assigned errors are sustained.

*Judgment reversed
and cause remanded.*

KARPINSKI, P.J., and NAHRA, J., concur.

JOSEPH J. NAHRA, J., retired, of the Eighth Appellate District, sitting by assignment.