OPINION
{¶ 1} Plaintiff-Appellant First American Title Insurance Company of New York (First American) appeals from a summary judgment rendered against it on its claim for negligence and conversion against Fifth Third Bank of Western Ohio. First American contends that the trial court erred in finding that it lacked standing to pursue its negligence claims, and that the trial court further erred by determining that it had no basis for pursuing its conversion claims.
 {¶ 2} We conclude that the trial court correctly granted summary judgment against First American on its conversion claim. However, we find that the trial court erred by finding that First American lacked standing to pursue its claims of negligence. Accordingly, the judgment of the trial court rendered in favor of Fifth Third on First American's conversion claims is affirmed, the judgment rendered in favor of Fifth Third on the negligence claims is reversed, and this cause is remanded for further proceedings.
 I {¶ 3} In 1995, County Corp. Development (County Corp.) made a commercial loan secured by property located on Wilmington Pike in Montgomery County. The loan, note, mortgage and all other pertinent documents from that transaction were assigned to the United States Small Business Administration (SBA).
 {¶ 4} In 1999, LNP Investments, Inc. (LNP) borrowed $550,000 from Union Savings Bank in order to refinance the Wilmington Pike property. A portion of the monies loaned by Union Savings Bank was to be used to pay off the existing mortgage on the property held by the SBA, in the amount of $427,074.51. Union Savings Bank purchased a policy of title insurance on the property from Olympic Title Insurance Company (Olympic). Pursuant to an outstanding reinsurance treaty, part of the liability insured by Olympic was reinsured by First American.
 {¶ 5} The closing on the refinancing was held at the offices of Dayton Title Agency, Inc. At the closing, Dayton Title gave a check for $427,074.51 made payable to County Corp.[1] to LNP's representative, Krishan Chari. Chari typed an endorsement on the back of the check that read "County Corp. Development pay to the order of Chari Group, Ltd." Chari then hand-wrote, "The Chari Group, Ltd. by Krishan M. Chari" beneath the typed endorsement. After endorsing the check, Chari presented it to his bank, Fifth Third Bank of Western Ohio (Fifth Third), for deposit in his account. Later, Chari removed the funds from the account.
 {¶ 6} Because of Chari's actions, the SBA mortgage was not paid, and the SBA retained its first mortgage position on the property. Therefore, Union Savings made a claim under the title insurance policy issued by Olympic, in order to pay off the prior mortgage and obtain the first and best mortgage position on the property. Olympic paid $125,000 on the claim and sought reimbursement from First American. First American claims that it paid $264,680 toward satisfaction of the first mortgage. In exchange for the payment, the SBA made the following assignment of rights to First American:
 {¶ 7} "FOR VALUE RECEIVED, the undersigned hereby assigns to FIRST AMERICAN TITLE INSURANCE COMPANY * * * AND OLYMPIC TITLE INSURANCE COMPANY * * * all its right, title and interest in and to a certain mortgage, together with the indebtedness secured thereby, given * * * to COUNTY CORP. DEVELOPMENT, dated the 26th day of May, 1995 * * * and subsequently assigned to the UNITED STATES SMALL BUSINESS ADMINISTRATION."
 {¶ 8} Olympic filed suit against Fifth Third. The complaint raised claims for conversion and negligence. First American moved to intervene as a plaintiff, and asserted claims for conversion, negligence and negligent business practices. Fifth Third filed a motion for summary judgment on all claims, which was initially denied by the trial court.
 {¶ 9} Following additional discovery, Fifth Third filed a second motion for summary judgment. This motion was granted. In rendering summary judgment, the trial court found that County Corp. did not assign any rights to the payoff check when it assigned the loan to the SBA, so that the SBA could not assign any rights to the payoff check to Olympic or First American. The trial court, therefore, found that neither Olympic or First American had standing to bring negligence claims against Fifth Third. The trial court further found that neither Olympic or First American could pursue claims for conversion against Fifth Third.
 {¶ 10} Olympic and First American both filed appeals from the trial court's decision. However, Olympic has failed to file any appellate briefs. Therefore, pursuant to App.R. 18(C), Olympic's appeal is dismissed for failure to prosecute its appeal.
 II {¶ 11} First American's First and Third Assignments of Error are as follows:
 {¶ 12} "THE TRIAL COURT ERRED IN FINDING AS A MATTER OF LAW, THAT APPELLANT FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK DID NOT HAVE STANDING TO BRING SUIT AGAINST APPELLEE BASED ON THE `ASSIGNMENT OF MORTGAGE'."
 {¶ 13} "THE TRIAL COURT ERRED IN FINDING, AS A MATTER OF LAW, THAT APPELLANT FIRST AMERICAN TITLE INSURANCE COMPANY DID NOT HAVE STANDING TO BRING A NEGLIGENCE CLAIM."
 {¶ 14} First American contends that the assignment of rights made to it by the SBA was sufficiently broad to give First American standing to pursue its claims against Fifth Third.
 {¶ 15} As stated above, the trial court found that at the time of the assignment from County Corp. to the SBA, County Corp. did not know about the payoff check and had never received possession or delivery of the check. Therefore, the trial court found that the assignment to the SBA, and the SBA's subsequent assignment to First American, did not include an assignment of any rights to the payoff check. Thus, the trial court found that First American lacked standing to pursue its negligence claims against Fifth Third.
 {¶ 16} An appellate court's review of a summary judgment decision is de novo. Nilavar v. Osborn (1998), 127 Ohio App.3d 1, 10, citation omitted. In reviewing a summary judgment decision, the appellate court must apply the standard found in Civ.R. 56. According to Civ.R. 56, summary judgment should be granted only when the following test has been satisfied: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66.
 {¶ 17} "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." Shifrinv. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, 638. If a contract is clear and unambiguous, then its interpretation is a question of law that we review de novo. Long Beach Assn. v. Jones (1998),82 Ohio St.3d 574, 576. Where a written instrument is unambiguous, a court must give effect to the expressed intentions of the parties. UnitedStates Fid. Guar. Co. v. St. Elizabeth Med. Ctr. (1998),129 Ohio App.3d 45, 55. When reviewing contract language, courts are required to give plain language its ordinary meaning and may not read language or terms into a contract. Miller v. Marrocco (1986),28 Ohio St.3d 438, 439.
 {¶ 18} Both First American and Fifth Third submit that the assignment in issue is clear and unambiguous, but the parties differ as to its meaning. It appears from reading the trial court's decision that the trial court considered the assignment to be unclear and ambiguous. Specifically, rather than stating that the terms of the assignment did not include any rights to the payoff check, the trial court relied upon deposition testimony indicating that the check could not have been included in the assignment because neither County Corp. nor the SBA had knowledge of the check when the assignments were made. Therefore, the trial court used evidence extrinsic to the contract in determining the intent of the parties.
 {¶ 19} A real estate mortgage is security for an obligation, and is incidental to that obligation. 69 Ohio Jurisprudence 3d (1986) 113, Mortgages § 65. If the underlying debt is paid, the mortgage is extinguished. Id. An assignment of a mortgage transfers to the assignee all the rights, powers and equities owned by the mortgagee. Id. at 549, § 508. "An attempted assignment of a mortgage, apart from the [obligation] is deemed a nullity." Id. at 538, § 495.
 {¶ 20} We do not find the assignment to be ambiguous. It is clear that the SBA intended to convey not only the mortgage, as security for the debt owed, but also the underlying debt, itself. It is axiomatic then that the right to payment of the debt was also conveyed. The payoff check constituted payment of the secured debt. Therefore, regardless of whether the SBA or County Corp. was aware of the existence of the check, the right to the payment that the check represented was assigned; thus, the right to the check was assigned. Otherwise, the assignment would be useless; the position advocated by Fifth Third and adopted by the trial court is the equivalent of declaring that the right to repayment of an indebtedness may be assigned without, however, conferring upon the assignee any right to an instrument issued as payment of that debt.
 {¶ 21} In general, when A owes money to B, and B assigns that indebtedness to C, A's subsequent payment of the debt to B does not extinguish C's rights as an assignee, because B holds A's payment of the debt in constructive trust for C's benefit.
 {¶ 22} The First and Third Assignments of Error are sustained.
 III {¶ 23} First American's Second Assignment of Error is as follows:
 {¶ 24} "THE TRIAL COURT ERRED IN FINDING, AS A MATTER OF LAW, THAT APPELLANT FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK DID NOT HAVE STANDING TO BRING AN ACTION FOR CONVERSION."
 {¶ 25} First American contends that the trial court erred in finding that neither the statutory nor common law remedy of conversion is available to it with regard to the subject check.
 {¶ 26} R.C. 1303.60, which governs conversion of instruments, was enacted in 1994, and is applicable to the facts of this case. That statute provides, in pertinent part, as follows: "(A) The law applicable to conversion of personal property applies to instruments. An instrument also is converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or if a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by the issuer or acceptor of the instrument or a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee."
 {¶ 27} The Official Comments to the statute state in part as follows: "There was a split of authority under former Article 3 on the issue of whether a payee who never received the instrument is a proper plaintiff in a conversion action. The typical case was one in which a check was stolen from the drawer or in which the check was mailed to an address different from that of the payee and was stolen after it arrived at that address. The thief forged the indorsement of the payee and obtained payment by depositing the check to an account in a depositary bank. The issue was whether the payee could bring an action in conversion against the depositary bank or the drawee bank. In revised Article 3, under the last sentence of Section 3-420(a), the payee has no conversion action because the check was never delivered to the payee. Until delivery, the payee does not have any interest in the check. The payee never became the holder of the check nor a person entitled to enforce the check. Section 3-301. Nor is the payee injured by the fraud. Normally the drawer of a check intends to pay an obligation owed to the payee. But if the check is never delivered to the payee, the obligation owed to the payee is not affected. If the check falls into the hands of a thief who obtains payment after forging the signature of the payee as an indorsement, the obligation owed to the payee continues to exist after the thief receives payment. Since the payee's right to enforce the underlying obligation is unaffected by the fraud of the thief, there is no reason to give any additional remedy to the payee."
 {¶ 28} It is clear from a reading of this statute, and the comments thereto, that a payee of an instrument has a cause of action for a conversion only if the instrument has actually been delivered to the payee or its agent. In the case before us, it is undisputed that Dayton Title did not give the check to the SBA or even to County Corp. To the contrary, the check was handed to Chari, who was not an agent for the SBA or County Corp. Therefore, the check was never delivered to the payee, and the payee had no cause of action in conversion. Likewise, the payee's assignee, First American, has no cause of action for conversion under the statute. We find that the trial court did not err in granting summary judgment on this issue.
 {¶ 29} We also find that the trial court did not err in granting summary judgment on First American's claim that it has a claim for conversion under common law. Common law conversion claims only apply where Article 3 provisions are not applicable. R.C. 1301.03. In this case, Article 3, specifically R.C. 1303.60, applies.
 {¶ 30} The Second Assignment of Error is overruled.
 IV {¶ 31} First American's Second Assignment of Error having been overruled, and its First and Third Assignments of Error having been sustained, the judgment in favor of Fifth Third on First American's conversion claims is affirmed, the judgment in favor of Fifth Third on First American's negligence claims is reversed, and this cause is remanded for further proceedings consistent with this opinion.
 {¶ 32} Because Olympic Title has not filed a brief in support of its appeal, its appeal is dismissed.
WOLFF, P.J., and GRADY, J., concur.
[1] The evidence in the record indicates that the check was mistakenly made out to County Corp. instead of the SBA.