JOURNAL ENTRY OPINION.
{¶ 1} Plaintiffs-appellants[1] appeal from the trial court's summary judgment in favor of defendant-appellee.[2] The trial court determined that plaintiffs failed to qualify as insureds under the policy issued by defendant to Columbia/HCA Healthcare Corporation. On that basis, the trial court granted defendant's motion for summary judgment and denied plaintiffs' cross-motion. For the reasons that follow, we affirm.
 {¶ 2} The relevant facts are not disputed. On September 19, 1997, Mrs. Knopf sustained injuries in an automobile accident caused by another driver in Medina, Ohio. Mrs. Knopf was driving her own vehicle on personal, non-business related purposes.
 {¶ 3} Plaintiffs made a claim under their underinsured motorist coverage with Nationwide Insurance Company. Plaintiffs settled with, and released, Nationwide in exchange for $150,000. Plaintiffs have resolved their claims against the tortfeasor as well.
 {¶ 4} Plaintiffs commenced this action against Continental based upon the authority of Scott-Pontzer v. Liberty Mutual Fire Ins. Co.
(1999), 85 Ohio St.3d 660 and Ezawa v. Yasuda Fire Marine Ins. Co.
(1999), 86 Ohio St.3d 557. Continental insured Columbia HCA/Healthcare Corporation ("Columbia HCA") with a Business Auto Policy effective September 1, 1997 to September 1, 1998 (the "policy"). On the date of the accident, Mrs. Knopf was employed by the Surgery Center, a subsidiary of Columbia HCA. Plaintiffs seek underinsured motorist coverage under this policy.
 {¶ 5} Both parties moved for summary judgment. On September 20, 2002, the court granted defendant's motion and denied plaintiffs' motion for summary judgment. The court determined that "[plaintiffs] are not insureds under the Continental policy because Jenny Knopf's injuries did not arise while acting within the course and scope of employment and therefore, [plaintiffs] are not entitled to UM coverage. See Estate ofCarla Myers v. CNA Financial Corp. (N.D.Ohio. Jan. 23, 2001), No. 5:00-CV-1759, unreported; Edmundson v. Reed, No. 2000CV20457, Stark County Common Pleas, unreported." (R. 13).
 {¶ 6} Plaintiffs appeal from that order assigning the following error for our review:
 {¶ 7} "I. The trial court erred to the detriment of appellants by granting appellee Continental Casualty Insurance Company's motion for summary judgment and finding that appellants were not insureds because Jenny Knopf's injuries did not arise while acting within the course and scope of employment."
 {¶ 8} We employ a de novo review in determining whether summary judgment was warranted. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment
(1998), 124 Ohio App.3d 581, 585.[3]
 {¶ 9} "A court must give undefined words used in an insurance contract their plain and ordinary meaning." Nationwide Mut. Fire Ins.Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108, citing Miller v.Marrocco (1986), 28 Ohio St.3d 438, 439. "`If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined.'" Id., quoting, Inland Refuse TransferCo. v. Browning-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St.3d 321,322 [other citation omitted]. Because the extent of insurance coverage compels an examination of the explicit terms, it can vary among differing policies.
 {¶ 10} Plaintiffs rely on the authority of Scott-Pontzer andEzawa in seeking UIM coverage under the Business Auto Policy issued to Mrs. Knopf's employer. In Scott-Pontzer, a widow claimed UIM coverage under her deceased husband's employer's commercial automobile insurance policy and its excess/umbrella policy. Scott-Pontzer,85 Ohio St.3d at 660. The court began its inquiry with determining whether Pontzer was an insured. Scott-Pontzer, 85 Ohio St.3d at 662 ("[i]f we find Pontzer was not an insured under the policies, then our inquiry is at an end.").
 {¶ 11} The underlying policy in Scott-Pontzer defined the insured for purposes of UIM coverage as follows:
 {¶ 12} "Who is An Insured
 {¶ 13} "You.
 {¶ 14} "If you are an individual, any `family member,'
 {¶ 15} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 16} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 17} The Ohio Supreme Court found ambiguity in the policy language that defined the insured as "you" referring to the corporate entity. Id. at 664. The court reasoned that UIM insurance coverage must be interpreted with regard to persons. Id. Thus, it concluded that "`you,' while referring to Superior Dairy, also includes Superior's employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle." Id. Thus, the court concluded that the policy extended UIM coverage to Pontzer.
 {¶ 18} In Ezawa, the Ohio Supreme Court followed the precedent ofScott-Pontzer and found that the same policy language extended coverage to a "family member" of a named insured corporation's employee. Ezawa,86 Ohio St.3d 557.
 {¶ 19} In this case, Continental moved for summary judgment claiming that various endorsements precluded plaintiffs from qualifying as insureds under the policy. Continental refers us to Endorsement Nos. 19, 11, and 13. Endorsement No. 19, captioned "EMPLOYEES AS INSUREDS," modifies various coverage forms including the business auto coverage form and provides, in pertinent part, as follows:
 {¶ 20} "The following is added to the LIABILITY COVERAGE OF WHO IS AN INSURED PROVISION:
 {¶ 21} "Any employee of yours is an `insured' while using a covered `auto' you don't own, hire or borrow in your business or your personal affairs."
 {¶ 22} Endorsement No. 11, also captioned "EMPLOYEES AS INSUREDS," modifies the commercial auto coverage part and Endorsement No. 19 as follows:
 {¶ 23} "1. This insurance applies only while the employee is using any of the following in your business:
 {¶ 24} "Any auto owned by the employee.
 {¶ 25} "Any auto leased, rented to, hired, or borrowed by the employee for personal use.
 {¶ 26} "2. This insurance is excess insurance over any other collectible insurance available to the employee."
 {¶ 27} Finally, Endorsement No. 13 modifies the title of "auto coverage parts" and provides that "this endorsement modifies all endorsements in this policy. Endorsement No. 13 provides as follows:
 {¶ 28} "Whenever the term `commercial auto coverage part' is used to indicate a type of insurance an endorsement modifies, it is changed to:
 {¶ 29} "Commercial auto-all coverage parts."
 {¶ 30} Continental argues that because Mrs. Knopf was an employee, these endorsements require that she be acting within the course and scope of her employment to qualify as an insured under the policy. Plaintiffs counter that these endorsements only apply to the definition of who is an insured for purposes of liability insurance and do not modify the terms of who is an insured under the UIM endorsement to the policy.[4] We disagree.
 {¶ 31} A careful review of the policy, reveals that the endorsements, through the amended title of Endorsement No. 13, apply to "Commercial Auto-all coverage parts," which is the amended title for auto coverage. The UIM endorsement relied upon by plaintiffs is a coverage relating to the auto coverage part among other coverages. Ibid. Therefore, even if we accept plaintiffs' contention that the UIM endorsement controls the determination of who is an insured, the above-quoted endorsements effectively modify the definition of insured employees thereunder to only extend such coverage to those injured in the course and scope of employment. See Endorsement Nos. 19, 11, and 13.
 {¶ 32} These particular endorsements collectively limit the very definition of who is insured in the first instance rather than limiting coverage of an "insured" through a policy exclusion. This is fatal to plaintiffs' ability to qualify as insureds under the holdings ofScott-Pontzer and its progeny which directs us to first determine "whether [the plaintiff], as an employee , was an `insured,' for purposes of underinsured motorist coverage." Scott-Pontzer,85 Ohio St.3d at 662. If plaintiffs are not insureds, the "inquiry is at an end." Id. Based on the foregoing, plaintiffs are not insureds under these particular policy terms. The trial court did not err in granting Continental's motion for summary judgment and this assignment of error is overruled.
Judgment affirmed.
TIMOTHY E. McMONAGLE, J., and ANTHONY O. CALABRESE, JR., J., concur.
[1] Jenny E. Knopf ("Mrs. Knopf") and David Knopf ("Mr. Knopf"), referred to herein collectively as "plaintiffs."
[2] Continental Casualty Company ("Continental" or "defendant").
[3] Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor.Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274." Zivichv. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70, 1998-Ohio-389.
[4] Continental contends that Columbia HCA rejected UIM coverage in Ohio, therefore, the UIM endorsement does not apply. Continental argues that if the rejection is invalid, UIM arises by operation of law and, therefore, the coverage is determined in reference to who is an insured under the business auto coverage part. Because we find that the endorsements effectively modify both the business auto coverage part and the endorsements thereto, we need not reach this issue.