[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellant, Edward Griffin Wilson, appeals a decision of the Hamilton County Court of Common Pleas granting summary judgment in favor of intervening third-party/defendant-appellee, Safe Auto Insurance Company. In that decision, the trial court held that Safe Auto was not obligated to provide Wilson with a defense or insurance coverage in a suit that defendants Terry Lakes and Car Wash, Inc., had filed against him.
{¶ 3} In his sole assignment of error, Wilson contends that the trial court erred in granting Safe Auto's motion for summary judgment. He contends that the provision in the policy he purchased from Safe Auto that the trial court relied upon was ambiguous, and, therefore, it should have been construed his favor. This assignment of error is not well taken.
{¶ 4} Wilson is correct in his assertion that ambiguous language that can have more than one reasonable interpretation must be construed in favor of the insured. Lane v. Grange Mut. Companies (1989),45 Ohio St.3d 63, 543 N.E.2d 488; King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, 519 N.E.2d 1380; Equity Diamond Brokers, Inc. v.Transnational Ins. Co., 1st Dist. No. C-010554, 2003-Ohio-1024. We hold, however, that the policy language at issue in this case was not ambiguous. It stated, "No coverage is afforded under any section of this policy if the covered auto is being operated by a person who is not a qualified, licensed driver, or is without a valid driver [sic] license, or whose driver [sic] license is expired, revoked or suspended, or is in violation of any condition of their driving privileges, or is without privileges to drive for any reason."
{¶ 5} Despite Wilson's extremely strained construction of this policy provision, it is not reasonably susceptible of more than one interpretation. See Allstate Ins. Co. v. Vision Ins. Co. (July 31, 2001), 10th Dist. No. 00AP-1388. We interpret it using the plain and ordinary meaning of the terms used, and we hold that it is clear and exact, as enforceable exclusions must be. See Lane, supra; Olmstead v.Lumbermens Mut. Ins. Co. (1970), 22 Ohio St.2d 212, 259 N.E.2d 123;Equity Diamond Brokers, supra; Goering v. Choicecare Healthcare Plans,Inc. (1999), 136 Ohio App.3d 22, 735 N.E.2d 936. The person operating the covered automobile must have a valid driver's license and must be operating the vehicle within the scope of his or her driving privileges. It is not ambiguous, and it, therefore, must be applied as written.Gomolka v. State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166,436 N.E.2d 1347; Equity Diamond Brokers, supra. The rule of liberal construction of an insurance policy should not be used to create an ambiguity in a policy when none exists. United States Ins. Co. v. OhioHigh School Athletic Assn. (1991), 71 Ohio App.3d 760, 595 N.E.2d 418.
{¶ 6} In this case, Wilson admitted that he had only a temporary instruction permit and that he was operating the vehicle without another licensed driver in the vehicle, in violation of R.C. 4507.05. Consequently, he was not operating the covered automobile within the scope of his driving privileges, and Safe Auto was not obligated to provide him with coverage for the accident at issue in the suit or with a defense. Compare Hooten v. Safe Auto Ins. Co. (May 19, 2000), 1st Dist. No. C-990684.
{¶ 7} We find no issues of material fact. Construing the evidence most strongly in Wilson's favor, we hold that reasonable minds could reach but one conclusion that Safe Auto was not obligated to provide coverage or a defense to Wilson. Therefore, Safe Auto was entitled to judgment as a matter of law, and the trial court did not err in granting its motion for summary judgment. See Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 375 N.E.2d 46; Stinespring v. Natorp GardenStores, Inc. (1998), 127 Ohio App.3d 213, 711 N.E.2d 1104. Accordingly, we overrule Wilson's assignment of error and affirm the trial court's judgment.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.