DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas which granted the motion for summary judgment filed by appellee, Nationwide Mutual Fire Insurance Company ("Nationwide"), against appellant, Charles T. Mack. For the reasons that follow, we affirm the decision of the trial court.
{¶ 2} On appeal, appellant raises the following assignments of error:
{¶ 3} "1. The trial court erred in granting defendant's motion for summary judgment.
{¶ 4} "2. The trial court erred in holding that the term `business property' as used in the policy was not ambiguous.
{¶ 5} "3. The trial court erred in failing to construe the evidence most strongly in favor of and granting all reasonable inferences to the non-moving party when granting defendant's motion for summary judgment.
{¶ 6} "4. The trial court erred in failing to hold that the defendant was barred by equitable estoppel from limiting the coverage for the musical equipment to Five Hundred and no/100 Dollars ($500.00)."
{¶ 7} This court notes at the outset that in reviewing a motion for summary judgment, we must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
{¶ 8} Appellant had a homeowners policy with Nationwide and made a claim for losses sustained in a November 14, 2002 theft at his home. In pertinent part, appellant claimed a loss of $26,849.98 for musical recording and playing equipment. Based upon appellant's "Examination Under Oath" taken on February 11, 2003, Nationwide determined that appellant's musical equipment was "business property" and, therefore, only paid appellant $500 pursuant to the policy provisions. Appellant sued Nationwide for breach of contract, asserting that his musical equipment should be covered pursuant to his "Personal Property" coverage, which had a $39,691 limit of liability coverage. Nationwide filed a motion for summary judgment which was granted by the trial court.
{¶ 9} Regarding coverage for "Personal Property," Nationwide's policy provides in pertinent part:
{¶ 10} "Section I — Property coverages
* * *
{¶ 11} "Coverage C — Personal property
{¶ 12} "We cover personal property owned or used by aninsured at the residence premises. At your request, we will cover personal property owned by others. It must be on the part of the residence premises occupied by an insured. * * *
{¶ 13} "Special Limits of Liability. The special limit, shown on the Declarations for each numbered category, is the total limit for each occurrence for all property in that category. They do not increase the personal property limits of liability.
* * *
{¶ 14} "The following special limit categories apply to all covered losses of:
* * *
{¶ 15} "12. business property * * *."
{¶ 16} "Business" is defined by the policy as including "trade, profession or occupation." The "special limit" for business property in Nationwide's policy is $500.
{¶ 17} Appellant asserts that a fair reading of appellant's "Examination Under Oath," deposition and affidavit show that "the equipment in question was not being used in pursuit of a trade, profession or occupation, but instead was used for personal use only, perhaps accompanied by a dream that someday appellant might be able to get into the music business." Appellant argues that the policy was ambiguous with respect to what constitutes "business property," and that the trial court failed to construe the evidence presented in a light most favorable to appellant, the non-movant.
{¶ 18} The mere absence of a definition in an insurance contract does not make the meaning of the term ambiguous.Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108. The phrase "business property" is not defined in Nationwide's policy; however, the term "business" is defined in the contract as "trade, profession or occupation." With respect to terms which are not defined in an insurance contract, we must apply their plain and ordinary meaning. Id., citing, Miller v. Marrocco (1986), 28 Ohio St.3d 438, 439. "Property" is defined in pertinent part as "something owned or possessed." Webster's Tenth Collegiate Dictionary (1996), 935. Accordingly, "business property" is that which is owned for use in a trade, profession or occupation.
{¶ 19} As such, although the phrase "business property" is not defined by the contract, we find that the phrase does have a plain and ordinary meaning. It is, therefore, unnecessary and impermissible for this court to resort to construction of that language. See Guman at 108, citing, Karabin v. State Auto.Mut. Ins. Co. (1984), 10 Ohio St.3d 163, 166-167. Because the contract is clear and unambiguous with respect to the meaning of "business property," we find that its application is a matter of law for this court to determine. See Id., citing, Inland RefuseTransfer Co. v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321, 322. "Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo." Id., citing, Ohio Bell Tel. Co. v. Pub. Util. Comm.
(1992), 64 Ohio St.3d 145, 147.
{¶ 20} Appellant argues, however, that the phrase "business property" "leaves open the possibility that business property includes property used exclusively in pursuit of a trade, profession or occupation, property which is usually used in such a pursuit, property that is sometimes used in such a pursuit or property which has ever, even one time been used in such a pursuit." We disagree. There is no ambiguity in the phrase "business property;" rather, the inquiry to be determined for purposes of summary judgment is whether the facts of the case demonstrate that there is a genuine issue of material fact regarding whether appellant's musical equipment was owned for a trade, profession or occupation.
{¶ 21} Upon a thorough review of the record, we agree with the trial court that there is no genuine issue of material fact and that appellant owned his musical equipment for purposes of his trade, profession or occupation. Although appellant said that his music was a hobby, not his occupation, was non-profit, not a business, and was just used for his own pleasure, the specific testimony he provided in his "Examination Under Oath" reveals otherwise. Appellant testified that (1) in 2002, he had no occupation, he "just [did] music"; (2) he had received all but three of his pieces of musical equipment in exchange for providing musical services; (3) he performed shows where he would get paid monetary compensation; (4) he would put ads in The Toledo Blade and a magazine to promote "little shows" he did in an effort to convince record companies that he can sell his music and they could make their money back; (5) his musical equipment was used in a performance on October 19, 2002; (6) he used the equipment to produce 15-20 demos which he sent to music companies in an effort to get a distribution deal; and (7) he would travel to places, such as New York, to meet with record companies two to three times per month to promote himself.
{¶ 22} Accordingly, regardless of appellant's characterization of his musical endeavors as merely being a hobby or solely for his own pleasure, we find that appellant's testimony clearly establishes that he owned his musical equipment for purposes of a trade, profession or occupation, to wit, a musical career. He performed shows, used his equipment to create demos, used his equipment in shows, and he received remuneration of cash or musical equipment in exchange for him providing musical services. We therefore find that the trial court correctly held that appellant's musical equipment qualified as "business property" pursuant to Nationwide's policy, and was subject to the $500 special limit of liability.
{¶ 23} In a subsequent affidavit and deposition, appellant attempted to recant all the testimony he had provided regarding the fact that his musical equipment was used in furtherance of a musical profession. Appellant argues that his conflicting testimony creates a genuine issue of material fact regarding whether his equipment was "business property." This court has consistently held that a nonmoving party may not defeat a motion for summary judgment by creating an issue of fact by filing, without explanation, an affidavit that contradicts an earlier deposition. Hicks v. Toledo Blade Co., 6th Dist. No. L-03-1317, 2004-Ohio-5241, at ¶ 31, citing, Linder v. American Nat'l Ins.Co., 155 Ohio App.3d 30, 2003-Ohio-5394, at ¶ 14; Heider v.Glasstech (July 16, 1999), 6th Dist. No. WD-98-052; andSchaeffer v. Lute (Nov. 22, 1996), 6th Dist. No. L-96-045.
{¶ 24} Appellant's subsequent testimony provided no explanation for his change in testimony. Appellant stated that he did not know why he had testified as he had under oath during his examination, but that he had felt nervous and suspicious of his inquisitors. We find appellant's explanation is insufficient to explain away his prior testimony. Accordingly, we find that the trial court was correct in disregarding appellant's subsequent conflicting testimony. We further find that the trial court did not fail to weigh the evidence in a light most favorable to appellant.
{¶ 25} Appellant further argues, however, that the trial court erred in applying the doctrine of equitable estoppel to prevent Nationwide from applying the $500 special limitation for business property. In particular, appellant relies on this court's decision in September Woods Motor Coach, Inc. v. Medical Mut. ofOhio, 6th Dist. No. L-03-1151, 2004-Ohio-1638. In SeptemberWoods, this court held that information provided to the insurance agent when applying for health insurance was imputed as knowledge to the insurer. Appellant asserts that he asked his insurance agent whether the musical equipment would be covered under his homeowner's policy and that the agent assured him it would be. Appellant argues that this exchange should estop Nationwide from asserting that the musical equipment was subject to the business property limitation. We disagree.
{¶ 26} In September Woods, the insureds had provided the agent with correct information regarding the nature of their medical conditions, but he had failed to properly record such information on their application. In contrast, appellant never informed his agent that his musical equipment was used in his business pursuits; rather, appellant stated that he told his agent that the equipment was "just personal, for a hobby." As such, we find that Nationwide's agent was not provided the correct information regarding the music equipment and, therefore, is not estopped from subsequently asserting the business property limitation of coverage.
{¶ 27} Based on the foregoing, we find that there are no genuine issues of material fact and that Nationwide is entitled to summary judgment as a matter of law. Appellant's four assignments of error are therefore found not well-taken. On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., Concur.