JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Erie Insurance Exchange ("Erie"), in its capacity as subrogee/assignee of plaintiffs, appeals from the trial court's decision that granted defendant-appellee's, Prudential Property and Casualty Insurance Company's ("Prudential"), motion for summary judgment. For the reasons that follow, we affirm.
 {¶ 2} Plaintiffs commenced this action against Prudential and others seeking to recover uninsured motorist coverage for injuries plaintiff Patrick T. Meehan ("Meehan") sustained in an automobile accident on August 1, 2000. Meehan was a passenger in an automobile driven by John Buettner ("Buettner"). Prudential insured Buettner under a Personal Catastrophe Liability Policy ("Prudential Policy"). The trial court determined that Meehan, as a passenger, did not qualify as an "insured" under the terms of the Prudential Policy and granted Prudential's motion for summary judgment. The matter proceeded against the remaining parties and ultimately resulted in a judgment in favor of plaintiffs and against appellant Erie Insurance Exchange. Erie assigns two errors for our review.
 {¶ 3} "I. The trial court erred in granting summary judgment in favor of defendant Prudential Property and Casualty Insurance Company."
 {¶ 4} We employ a de novo review in determining whether summary judgment was warranted. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105; Zemcik v. La Pine Truck Sales Equipment
(1998), 124 Ohio App.3d 581, 585.[1]
 {¶ 5} We are required to construe ambiguous terms, susceptible of more than one meaning, liberally in favor of the insured and strictly against the insurer who drafted the policy.Holliman v. Allstate Ins. Co. (1999), 86 Ohio St.3d 414, 418, citing Derr v. Westfield Cos. (1992), 63 Ohio St.3d 537, 542. "The mere absence of a definition in an insurance contract does not make the meaning of the term ambiguous. `If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined.' Inland RefuseTransfer Co. v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321, 322. A court must give undefined words used in an insurance contract their plain and ordinary meaning. Millerv. Marrocco (1986), 28 Ohio St.3d 438, 439 ." NationwideMut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108.
 {¶ 6} In this case, the trial court found that Meehan did not qualify as an insured under the Prudential Policy. In particular, the trial court found "The Prudential Policy provides a specific definition of who is an insured. The plaintiff argues that he falls under the definition of an insured, as he was `using' the automobile. However, the section of the policy requires a person to be using the vehicle and to have a reasonable belief that he is entitled to "operate" the vehicle. As there is no evidence that plaintiff was entitled to `operate' the vehicle, he is not an insured under the Prudential Policy. [citation omitted]."
 {¶ 7} The Prudential Policy defines an insured, in relevant part, as follows:
 {¶ 8} "Insured means;
 {¶ 9} "* * *
 {¶ 10} "3. With respect to cars, recreational vehicles, and watercraft, only as stated below:
 {¶ 11} "a) any person maintaining, using * * * a car, * * * owned by, hired for, or loaned by you, provided such use is within the scope of your permission, and the person must have a reasonable belief that he or she is entitled to operate the vehicle, and the person is not an excluded operator under this policy; * * *."
 {¶ 12} Erie argues that as a passenger Meehan was "using" the car. However, to qualify as an insured, Meehan must also establish that he had a reasonable belief that he was entitled to "operate" the car. Erie does not argue that Meehan had a reasonable belief that he was entitled to "operate" the car. Instead, Erie argues these provisions are conflicting, since "use" has a broader application than "operating," thereby negating coverage for those who "use" but do not "operate" the car. Erie urges us to entirely ignore the latter provision on the theory of ambiguity and construe Meehan as an insured under the Prudential Policy based on his "use" of the car.
 {¶ 13} The language is neither conflicting nor ambiguous. Parties to an insurance contract are free to define who is an insured under the policy. Holliman, 86 Ohio St.3d at 417. In this case, Prudential limited the class of insured persons "using" the car to those who have a reasonable belief that they are entitled to operate the car and who are not excluded operators under the policy.[2] There is nothing that required Prudential to define as insured every person "using" the car without limitation. As there is no evidence that Meehan had a reasonable belief that he was entitled to operate Buettner's car, the trial court correctly determined he was not an insured under the terms of the Prudential Policy.
 {¶ 14} Assignment of Error I is overruled.
 {¶ 15} "II. The trial court erred in granting judgment against defendant Erie Insurance Exchange to the extent that liabilities imposed on Erie should have been imposed instead, in whole or in part, on Prudential."
 {¶ 16} Our disposition of Assignment of Error I renders Assignment of Error II moot.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Corrigan, J., concur.
[1] Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem.Corp. (1995), 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt, 75 Ohio St.3d 280, 292-293,1996-Ohio-107, 662 N.E.2d 264, 273-274." Zivich v. Mentor SoccerClub, 82 Ohio St. 3d 367, 369-70, 1998-Ohio-389,696 N.E.2d 201.
[2] Contrary to Erie's argument, the policy language does not require the person to actually be operating the car but only that they have a reasonable belief they are entitled to do so.